IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01411-GPG

ANTHONY TAFOYA,

    Plaintiff,

v.

STATE OF COLORADO,
RICK RAEMISCH, in his official capacity as Executive Director of the Colorado
    Department of Corrections, and in his individual capacity,
ROGER WERHOLZ, in his official capacity as Executive Director of the Colorado
    Department of Corrections, and in his individual capacity,
TONY CAROCHI, in his official capacity as Executive Director of the Colorado
    Department of Corrections, and in his individual capacity,
TOM CLEMENTS, in his official capacity as Executive Director of the Colorado
    Department of Corrections, and in his individual capacity,
ARISTEDES ZAVARIS, in his official capacity as Executive Director of the Colorado
    Department of Corrections, and in his individual capacity,
JOE ORTIZ, in his official capacity as Executive Director of the Colorado Department of
    Corrections, and in his individual capacity,
JOHN SUTHERS, in his official capacity as Executive Director of the Colorado
    Department of Corrections, and in his individual capacity,
MARY CARLSON, in her official capacity as Time Computation Manager of Colorado
    Department of Corrections, and in her individual capacity, and
JOHN DOE, in his/her official capacity as Executive Director of the Colorado
    Department of Corrections, and in his individual capacity,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Anthony Tafoya is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Trinidad Correctional Facility in Model, Colorado. Plaintiff initiated this action on July 2, 2015, by submitting a Prisoner Complaint (ECF No. 1), Prisoner's Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C.§ 1915 (ECF No. 3), Plaintiff's First Request for Production of Documents (ECF No. 4), and Motion for Appointment of Counsel (ECF No. 5). Plaintiff was granted leave to proceed pursuant to § 1915.

On July 24, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and found as follows:

> Plaintiff states in the Nature of the Case section of the complaint form that this case involves DOC's calculation of his mandatory release date (MRD). (ECF No. 1 at 5).[1] Plaintiff contends that under Colorado law the correct method of calculating a mandatory release date is to take the number of years an offender is sentenced, subtract the time actually served, and then further reduce the ultimate sentence by any presentence credit, earned time, and good time the offender has accumulated. *Id.* Plaintiff further contends that the DOC is correct that it has discretion to award good time or earned time or deduct presentence confinement credit for jail time, but once an inmate accumulates earned or good time or presentence confinement time, "it must be actually applied to his release dates." *Id.* Plaintiff also contends that he "was possibly denied discretionary parole" when he reached his parole eligibility date (PED) because his MRD was perceived to be too far in the future; as a result the miscalculation of the MRD results in miscalculation of statutory discharge dates. *Id.* at 6. Finally, Plaintiff contends that the date of his parole termination is being calculated in the same manner that Randel Ankeney's parole termination date was calculated, based on the Colorado Court of Appeals (CCA) finding in *Ankeney v. Raemisch*, No. 2012ca1930 (Colo. App. Aug. 22, 2013). *Id.*
>
> In all five claims, Plaintiff asserts that his constitutional rights are being violated because he served a sentence beyond what he should have served and Defendants are holding him beyond his statutory discharge date. *Id.* at 10-12. Plaintiff also asserts that he has a "vested liberty interest in all of the good time and earned time which has been awarded to him under statute" and that once the time has been awarded, "it must be applied as such." *Id.* Plaintiff further alleges that he has been prevented from progressing through the DOC system for better jobs, programs, and placement because his MRD is "too far out into the future." *Id.* Plaintiff seeks declaratory and injunctive relief as well as monetary damages.

---

[1] The Court refers to the page number as identified by CM/ECF (Court Management/Electronic Case Files).

> On March 16, 2015, the Colorado Supreme Court (CSC) issued an opinion in *Ankeney v. Raemisch, et al.*, No. 13SA336 (Colo. 2015) (*en banc*), that reversed the decision of the CCA and the Fremont District Court and determined that inmates, such as Mr. Ankeney, are not entitled to have their sentences calculated in the manner advocated by Mr. Ankeney.  The CSC found that for inmates whose crimes were committed after July 1, 1993, good time credits awarded pursuant to Colo. Rev. Stat. § 17-22.5-301, and and the earned time credits awarded pursuant to § 17-22.5-302(1), "do not constitute the service of an inmate's sentence but rather have significance only for calculating his eligibility for release to parole."  *Ankeney*, No. 13SA336 at 11 (citing *Jones v. Martinez*, 799 P.2d 385, 387 (Colo. 1990); *Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990); *Bynum v. Kautzky*, 784 P.2d 735, 738-39 (Colo. 1989); *Renneke v. Kautzky*, 782 P.2d 343, 345 (Colo. 1989)).  Furthermore, the plaintiffs in the proposed class action suit, *Ankeney, et al., v. Raemisch, et al.*, No. 14-cv-00007-MSK-KMT (D. Colo. Mar. 26, 2015), that was pursued in this Court based on the CCA's finding in *Ankeney*, now have voluntarily dismissed the action in light of the CSC's reversal of the CCA's judgment in *Ankeney*.  *See Ankeney*, No. 14-cv-00007-MSK-KMT at ECF No. 66.

Show Cause Ord., ECF No. 7 at 2-4.

Magistrate Judge Gallagher then directed Plaintiff to respond and show cause why this action should not be dismissed pursuant to the CSC's recent decision in *Ankeney*, No. 13SA336, which dispels Plaintiff's claims.  Plaintiff was warned that if he failed to show cause within the time allowed the Court would dismiss the action with prejudice.  Plaintiff did not respond to the Show Cause Order within the time allowed.  The Court, therefore, will dismiss this action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and action are dismissed with prejudice pursuant to *Ankeney v. Raemisch, et al.,* No. 13SA336 (Colo. 2015). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  18th  day of   September  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court